UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVAUGHN M.,[1]

Petitioner,

v.

WARDEN, CENTRAL VALLEY DETENTION FACILITY,

Respondent.

No. 1:26-cv-06777-TLN-CKD

A# 222-583-178

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Kevaughn M.'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (ECF No. 1.) Respondent filed an answer. (ECF No. 8.) For the reasons set forth below, the Petition is GRANTED and Respondent is ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States in 2022 on a B-2 visa. (ECF No. 1 at 9, 11.) In the time that followed, Petitioner met and married his wife who is a United States citizen. (*Id.* at 9.) Petitioner has a pending application for adjustment of status. (*Id.*) He has no criminal history. (*Id.* at 6, 13.)

Petitioner was detained on April 29, 2026, while working in Oklahoma. (*Id.*; ECF No. 8-1 at 2.) Petitioner was a passenger in his company's truck when an Oklahoma Highway Patrol 287g Task Force Trooper pulled over the vehicle for an inspection. (ECF No. 1 at 6, 13.) The trooper asked Petitioner for identification, which he provided, and then proceeded to ask about his immigration status. (*Id.* at 6.) Petitioner was thereafter detained and transported to U.S. Immigration and Customs Enforcement. (*Id.* at 13.) Petitioner was arrested without a warrant or notice as to the reason for his detention.[2] (*Id.*) Petitioner was subsequently served a Notice to Appear. (ECF No. 8-1 at 4.) Petitioner requested a custody determination hearing but there is no evidence on the record indicating that the hearing was scheduled or occurred. (*Id.*)

Petitioner was eventually transferred to the Central Valley Annex. (ECF No. 1 at 1.) While in detention, Petitioner's wife lost their apartment because she could not pay the monthly rent or bills on her own. (*Id.* at 9.) Petitioner also states that his son is experiencing financial and emotional pain because of his detention. (*Id.*)

Petitioner filed the Petition on August 24, 2026. (*Id.* at 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.* at 6–7.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

---

[2] The government's documents include a warrant, but it is signed the day after Petitioner's arrest. (ECF No. 8-1 at 9.)

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 6.) Respondent concedes Petitioner is detained pursuant to 8 U.S.C. § 1226(a) ("§ 1226(a)") and may seek a custody redetermination hearing. (ECF No. 8 at 1.) Respondent claims Petitioner did not receive a hearing because he must affirmatively request one. (*Id.*)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. <u>Liberty Interest</u>

"Freedom from imprisonment—from government custody, detention, or other forms of

---

[3] The Court liberally construes Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner lawfully entered the United States approximately four years ago, and in that time worked, met and married his wife, and applied for an adjustment in status. The time Petitioner spent living freely in this country and the meaningful connections he made in that time create a significant liberty interest for Petitioner. Even if his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. Respondent does not challenge Petitioner's liberty interest. Accordingly, Petitioner maintains a clear interest in his continued freedom protected by the Due Process Clause.

B. <u>Process Required</u>

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). These factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a significant private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable.

Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Indeed, contrary to Respondent's representation that Petitioner is lawfully detained under § 1226(a) without a hearing because he did not request one, Petitioner did in fact request a custody redetermination hearing. (*See* ECF No. 8 at 1; ECF No. 8-1 at 8.) There is no evidence on the record showing the hearing was ever scheduled or took place. (*See generally* ECF Nos. 1, 8-1.) Further, as Respondent does not argue Petitioner is a danger or a flight risk and Petitioner has no criminal record and has demonstrated ties to his community including his United States citizen wife, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest in detaining Petitioner without notice or a hearing is low, and the effort and cost required to provide him with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Notice and custody determination hearings are routine processes for Respondent. Indeed, they are the very processes required under § 1226(a) and its implementing regulations. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondent articulates no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention to determine whether his detention was justified. He received neither. Petitioner's detention therefore violates the Fifth Amendment Due Process Clause.

## IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is

GRANTED. It is FURTHER ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Kevaughn M. (A# 222-583-178) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and provide a copy of this Order. Respondent must file a **notice certifying compliance** with this provision **within two (2) court days** from the date of this Order.

2. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) and Motion to Appoint Counsel (ECF No. 4) are DENIED as moot.

5. **The Clerk of Court is directed to serve Central Valley Annex with a copy of this Order.**

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: September 4, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE